**UNITED STATES of America**

v.

**NICOLET, INC., et al.**

**Civ. A. No. 85–3060.**

United States District Court, E.D. Pennsylvania.

May 25, 1989.

David Street, Dept. of Justice, Washington, D.C., Susan Dein Bricklin, Virginia Gibson–Mason, Asst. U.S. Attys., Philadelphia, Pa., for U.S.

Jon Brooks, New York City, for T & N.

Joel Schneider, Philadelphia, Pa., for Nicolet.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The United States, at the request of the Administrator of the Environmental Protection Agency ("EPA"), brings this action against defendant T & N plc ("T & N"), alleging that T & N was liable, pursuant to § 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"), 42 U.S.C. § 9607, for costs incurred by the EPA in responding to a release or threatened release of a hazardous substance at a waste disposal site in Ambler, Pennsylvania ("Ambler site"). A nonjury trial is presently scheduled to commence on June 5, 1989.

On April 20, 1989, the United States filed a motion for partial summary judgment in its favor on the issue that, under CERCLA, 42 U.S.C. § 9601(14), asbestos is a hazardous substance. For the reasons stated below, this Court will grant the United States' motion.

Summary judgment must be entered when the moving party demonstrates to the court that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. In determining whether the movant has met his burden, the Court must inquire "whether the evidence presents a significant dis-agreement to require submission to a jury or whether it is so one sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986). An issue is "genuine" only if the evidence is such that a reasonable jury could find for the party opposing the motion. *Equimark Commercial Fin. Co. v. C.I.T. Fin. Servs. Corp.*, 812 F.2d 141, 144 (3d Cir. 1987). If the moving party meets this burden, the opposing party must come forward "with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In reaching its ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party, *Lyons v. U.S. Marshalls*, 840 F.2d 202, 204 (3d Cir.1988), and draw all inferences and resolve all conflicts in favor of the non-movant. *Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir.), *cert. denied*, 474 U.S. 1010, 106 S.Ct. 537, 88 L.Ed.2d 467 (1986).

"The mere fact that issue may be complex is not a valid reason to deny summary judgment when there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law." *Zweig v. Hearst Corp.*, 521 F.2d 1129, 1136 (9th Cir.), *cert. denied*, 423 U.S. 1025, 96 S.Ct. 469, 46 L.Ed.2d 399 (1975). Thus, courts have not hesitated to grant partial summary judgment in CERCLA cases. *See, e.g., United States v. Wade*, 577 F.Supp. 1326, 1330 (E.D.Pa.1983); *United States v. Conservation Chemical Co.*, 619 F.Supp. 162, 175 (D.Mo.1985); *United States v. South Carolina Recycling and Disposal, Inc.*, 20 Env't Rep.Cas. (BNA) 1753, 1755 (D.S.C.1984). Such rulings are, of course, favored inasmuch as the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " *Celotex Corp. v. Catrett*, 477 U.S.

317, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986).

Section 107(a) of CERCLA identifies those "persons" who are liable for response costs incurred by the United States under Section 104 of CERCLA, 42 U.S.C. § 9604. Certain of the requisite elements of a prima facie case under § 107(a) concern the waste disposal site in general, while others concern the individual defendants. With respect to the Ambler site, the United States must establish the following:

(1) the Ambler site is a "facility";

(2) a "release" or a "threatened release" of a or any "hazardous substance" from the Ambler site has occurred; and

(3) the release or threatened release has caused the United States to incur "response costs."

*United States v. Conservation Chemical Co.,* 619 F.Supp. at 184; *see also New York v. Shore Realty Corp.,* 759 F.2d 1032, 1042 (2d Cir.1985). As previously stated, in its instant motion, the United States seeks partial summary judgment on the issue that asbestos constitutes a "hazardous substance" for purposes of liability under § 107(a).

CERCLA defines hazardous substance at section 101(14) as follows:

The term "hazardous substance" means (A) any substance designated pursuant to section 1321(b)(2)(A) of Title 33, (B) any element, compound, mixture, solution, or substance designated pursuant to section 9602 of this title, (C) any hazardous waste having the characteristics identified under or listed pursuant to section 3001 of the Solid Waste Disposal Act (but not including any waste the regulations of which under the Solid Waste Disposal Act has been suspended by Act of Congress), (D) any toxic pollutant listed under section 1317(a) of Title 33, (E) any hazardous air pollution listed under section 112 of the Clean Air Act, (F) any imminently hazardous chemical substance or mixture with respect to which the Administrator has taken action pursuant to section 2606 of Title 15. The term does not include petroleum, includ-

ing crude oil or any fraction thereof which is not otherwise specifically listed or designated as a hazardous substance under subparagraphs (A) through (F) of this paragraph, and the term does not include natural gas, natural gas liquids, liquefied natural gas, or synthetic gas usable for fuel (or mixtures of natural gas and such synthetic gas).

42 U.S.C. § 9601(14). It is well established that a substance is a hazardous substance if it falls within *any one* of the subparagraphs of § 9601(14). *Eagle–Pitcher Industries v. United States E.P.A.,* 759 F.2d 922, 927 (D.C.Cir.1985); *United States v. Wade,* 577 F.Supp. at 1339–1341; *United States v. Union Gas Co.,* 586 F.Supp. 1522, 1523 (E.D.Pa.1984); *State of Idaho v. Bunker Hill Co.,* 635 F.Supp. 665, 673 (D.Idaho 1986); *United States v. Conservation Chemical Co.,* 619 F.Supp. at 185; *United States v. Metate Asbestos Corp.,* 584 F.Supp. 1143, 1146 (D.Ariz.1984).

Asbestos, the substance in issue in this litigation, meets the definition of hazardous substance of §§ 9601(14)(B), (D), and (E). First, asbestos has been listed as a hazardous substance under § 9602 of CERCLA, *see* 40 C.F.R. § 302.4 and Table 302.4, and therefore, meets the definition of hazardous substance at § 9601(14)(B). Second, asbestos is a toxic pollutant listed under § 1317(a) of title 33, the Water Pollution Control Act, *see* 40 C.F.R. § 401.15, and therefore, meets the definition of a hazardous substance at § 9601(14)(D). Third, asbestos is a hazardous air pollutant listed under § 7412 of title 42, the Clean Air Act, *see* 40 C.F.R. 61.01, and therefore, meets the definition of hazardous substance at § 9601(14)(E). We note that as long as a substance is on one or more of the lists identified at 42 U.S.C. § 9601(14), it is a hazardous substance irrespective of the volume or concentration of the substance found at the site in question. *United States v. Wade,* 577 F.Supp. at 1340; *United States v. Conservation Chemical Co.,* 619 F.Supp. at 238; *United States v. Carolawn Products,* 21 E.R.C. 2124, 2127 (D.S.C.1984).

Accordingly, for the reasons stated, this Court will grant the United States' motion for partial summary judgment on the issue that, under CERCLA, asbestos is a hazardous substance.